OSCN Found Document:INDEPENDENT SCHOOL DISTRICT #52 OF OKLAHOMA COUNTY v. WALTERS

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 INDEPENDENT SCHOOL DISTRICT #52 OF OKLAHOMA COUNTY v. WALTERS
2024 OK 23
Case Number: 121581
Decided: 04/02/2024
THE SUPREME COURT OF THE STATE OF OKLAHOMA 

Cite as: 2024 OK 23, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

INDEPENDENT SCHOOL DISTRICT #52 OF OKLAHOMA COUNTY (Midwest ) City-Del City); INDEPENDENT SCHOOL DISTRICT #57 OF GARFIELD COUNTY (Enid); INDEPENDENT SCHOOL DISTRICT #71 OF KAY COUNTY (Ponca ) City); and INDEPENDENT SCHOOL DISTRICT #89 OF OKLAHOMA COUNTY (Oklahoma City), Plaintiffs/Appellants,
v.
RYAN WALTERS, Superintendent of Oklahoma State Department of Education; OKLAHOMA TAX COMMISSION; and TODD RUSS, Oklahoma State Treasurer, Defendants/Appellees, 
and
TULSA PUBLIC SCHOOL DISTRICT, I-1 OF TULSA COUNTY; SAND SPRINGS PUBLIC SCHOOL DISTRICT, I-2 OF TULSA COUNTY; BROKEN ARROW PUBLIC SCHOOL DISTRICT, I-3 OF TULSA COUNTY; BIXBY PUBLIC SCHOOL SYSTEM, I-4 OF TULSA COUNTY; JENKS PUBLIC SCHOOL DISTRICT, I-5 OF TULSA COUNTY; UNION PUBLIC SCHOOL DISTRICT, I-9 OF TULSA COUNTY; and OWASSO PUBLIC SCHOOL DISTRICT, I-11 OF TULSA COUNTY, Oklahoma Public Charter School Association, Intervenor Defendants/Appellees.
__________________________________ 
WESTERN HEIGHTS INDEPENDENT SCHOOL DISTRICT NO. I-41 OF OKLAHOMA COUNTY, Plaintiff/Appellant,
v.
THE STATE OF OKLAHOMA ex rel. OKLAHOMA STATE DEPARTMENT OF EDUCATION; OKLAHOMA STATE BOARD OF EDUCATION; RYAN WALTERS, State Superintendent of Public Instruction for the State of Oklahoma; OKLAHOMA TAX COMMISSION; and TODD RUSS, Oklahoma State Treasurer, Defendants/Appellees.
APPEAL FROM THE DISTRICT COURT OF OKLAHOMA COUNTY
HONORABLE SHEILA STINSON, DISTRICT JUDGE
¶0 Several school districts filed an action in the district court, alleging they received insufficient State Aid payments for several years. They sought writs of mandamus to compel the Oklahoma State Board of Education to demand and recoup excessive State Aid payments made to other school districts and pay the underfunded school districts. All parties sought summary judgment. The district court granted the school district intervenors' motion for summary judgment, concluding the State Board of Education did not have a duty to seek repayment of excessive State Aid payments made to other schools until auditors approved by the State Auditor and Inspector performed an audit. The school districts appealed. This Court agreed with the district court, holding that the audit used by the State Board of Education when demanding repayment must be performed by auditors approved by the State Auditor and Inspector. However, the school districts' filings raised the issue of their standing to judicially compel legislative appropriations, and this Court remanded the case to adjudicate standing. On remand, the parties again filed motions for summary judgment. The district court granted the appellees' motions for summary judgment, holding that the school districts failed to establish that they commenced their action before the lapse of any State Aid appropriations from which they sought additional funds. The district court dismissed the case based on the school districts' lack of standing. The school districts appealed, and this Court retained the appeal. We hold that the school districts have no legally cognizable aggrieved interest, and they lack standing. 
DISTRICT COURT'S JUDGMENT AFFIRMED.
Clyde A. Muchmore, Crowe & Dunlevy, Oklahoma City, Oklahoma, for Plaintiffs/Appellants.
Mary H. Tolbert, Steptoe & Johnson, PLLC, Oklahoma City, Oklahoma for Plaintiffs/Appellants.
A. Scott McDaniel and Jeremy E. Otis, McDaniel Acord, PLLC, Tulsa, Oklahoma, for Intervenor Defendants/Appellees.
Garry M. Gaskins, II, Solicitor General, and Kyle Peppler, Assistant Solicitor General, Office of the Oklahoma Attorney General, Oklahoma City, Oklahoma, for Defendants/Appellees.
Winchester, J.
¶1 Appellant School Districts located in Midwest City/Del City, Enid, Ponca City, and Oklahoma City
[1] (hereinafter Appellant School Districts) appeal the dismissal of their claims seeking mandamus relief for the payment of additional State Aid funds. The district court held that Appellant School Districts lacked standing to bring their claims because they failed to commence this action before the lapse of any State Aid appropriations from which they sought additional funds. We affirm the district court, holding Appellant School Districts have no legally cognizable aggrieved interest and lack standing.
FACTS AND PROCEDURAL HISTORY
¶2 Appellant School Districts commenced a legal proceeding in the Oklahoma County District Court, alleging they received deficient State Aid funds between 2004 and 2014,
[2] because the Oklahoma State Department of Education used an incorrect assessment rate in its calculations for State Aid. Seven school districts located in Tulsa County that were purportedly overpaid during this time intervened in this matter.[3] A fifth school district located in Oklahoma County, Western Heights Independent School District, filed a separate action in the district court also seeking mandamus relief and additional State Aid funds, which the district court consolidated with this case. The lengthy and complex procedural history of this case is set forth with particularity in Independent School District No. 52 of Oklahoma County v. Hofmeister, 2020 OK 56, 473 P.3d 475 (hereinafter Hofmeister), and does not warrant repeating here. We concluded in Hofmeister that Appellant School Districts possess no cause of action to obtain legislatively appropriated funds when those funds have lapsed by application of either Article 5, § 55 of the Oklahoma Constitution or other mandatory language, such as in an appropriation bill.[4] We remanded the case for the district court to adjudicate whether Appellant School Districts had standing to bring their claims. We directed the district court to do the following:
(1) The plaintiffs must present facts and legal authority showing the State Aid funds they seek are based on appropriations of State Aid to their specific school districts which have not lapsed by application of either (a) the thirty-month period of Okla. Const. Art. 5 § 55, or (b) legislative language creating a lapse for the specific appropriation they seek to enforce. (2) General revenue fund appropriations for State Aid lapse thirty months (Okla. Const. Art. 5 § 55) from the date of the appropriation, and other appropriations lapse when the appropriation bill contains lapsing language for the appropriation, and additionally in some circumstances lapsing for a non-general revenue fund appropriation will occur by Okla. Const. Art. 5 § 55. (3) Plaintiffs must show their action was commenced in the District Court within thirty months of any general revenue fund appropriation authorizing the specific State Aid funds they seek. (4) In addition to showing the specific appropriation does not lapse by Okla. Const. Art. 5 § 55, plaintiffs must show the appropriations bill authorizing the appropriation for the funds they seek is a bill which does not contain lapsing language, or if it does contain such language that their District Court action was commenced before the date of lapsing in the appropriations bill. (5) After the plaintiffs show the nature of the lapsed or non-lapsed funds they seek, then the District Court shall make the proper findings of fact and dismiss any claims seeking funds based upon a lapsed appropriation. (6) If plaintiffs fail to show any non-lapsed appropriated funds, then their action shall be dismissed by the District Court because in such circumstance they have no legally cognizable aggrieved interest and they lack standing. (7) If plaintiffs are successful in showing they seek a specific legislative appropriation which has not lapsed after application of either the constitutional thirty-month period or legislative language, then the trial court may proceed to make findings of fact and conclusions of law addressing whether plaintiffs possess a right to compel by mandamus the State Board to fund a claim for specific State Aid funds. (8) If plaintiffs possess a legally cognizable claim to appropriated State Aid funds which have not lapsed, then that claim is subject to the ordinary jurisprudence of mandamus, including the manner, timing, and circumstances of compelling a State entity to pay state funds and whether such is appropriate by mandamus. (9) Mandamus to compel payment of a legally cognizable claim of a school district for payment of State Aid by the State Board must be based upon the State Board refusing to pay that claim made by that school district to the Board.
Id. ¶ 102, 473 P.3d at 517.
¶3 On remand, the parties filed competing motions for summary judgment as to whether Appellant School Districts have standing to pursue their claims. Appellant School Districts contended that they have standing because the deadline imposed by Article 5, § 55 of the Oklahoma Constitution is not applicable in this matter. They urged that the funds they sought would be withheld by the State Board of Education from future allocations of State Aid to the overpaid school districts and not from prior lapsed appropriations. Appellant School Districts further argued that even if they sought funds from a prior appropriation, the time to determine whether the appropriation lapsed was the date they gave notice to Appellees of the State Aid allocation error (which was prior to the date the 2014 appropriation lapsed), as opposed to the date that they filed the instant lawsuit in the district court.
¶4 Appellees and Intervenor Appellees argued that Appellant School Districts failed to establish that they commenced their action in the district court before the lapse of appropriations from which they sought additional State Aid funds.
¶5 The district court held that the Hofmeister Court instructed that to prove standing, Appellant School Districts must show that they commenced their action to recover appropriations within thirty months of any general revenue fund appropriation authorizing the specific State Aid funds they sought or that they sought funds from legislative appropriations without any specific lapsing language in the appropriation bills. The district court rejected Appellant School Districts' argument that they were attempting to collect future appropriations, noting that the school districts were ultimately seeking appropriations from previous years. Because they failed to meet their burden, the district court denied Appellant School Districts' motion for summary judgment and granted Appellees' motions for summary judgment, dismissing the case for Appellant School Districts' lack of legal interest and standing.
¶6 Appellant School Districts appealed, and we retained the appeal. We hold that Appellant School Districts failed to establish, as directed in Hofmeister, that the appropriations of State Aid funds they sought have not lapsed by application of either (a) the thirty-month period of Article 5, § 55 of the Oklahoma Constitution or (b) legislative language creating a lapse for the specific appropriation they seek to enforce. We affirm the district court's holding that Appellant School Districts have no legally cognizable aggrieved interest and lack standing.
STANDARD OF REVIEW
¶7 The mandamus statute, 12 O.S.2021, § 1451, invokes a special proceeding involving equity not statutorily controlled by the Oklahoma Pleading Code. Gaines v. Maynard, 1991 OK 27, ¶ 11, 808 P.2d 672, 676. In such a proceeding, the Court applies the standard of review based upon the nature of the decision made by the district court. Here, the parties sought summary judgment as to whether Appellant School Districts have standing to pursue their claims. Summary judgment resolves issues of law, and we review a district court's grant of summary judgment de novo. U.S. Bank, N.A. ex rel. Credit Suisse First Boston Heat 2005--4 v. Alexander, 2012 OK 43, ¶ 13, 280 P.3d 936, 939. Using the de novo standard, we subject the record to a new and independent examination without regard to the district court's reasoning or result. Gladstone v. Bartlesville Indep. Sch. Dist. No. 30, 2003 OK 30, ¶ 5, 66 P.3d 442, 446.
DISCUSSION
¶8 Standing is jurisdictional. Hofmeister, 2020 OK 56, ¶ 15, 473 P.3d at 484. Appellant School Districts must show a legally cognizable aggrieved interest and standing to compel the State Board of Education to fund a claim for specific State Aid funds. School districts generally possess a legal interest to compel the payment of State Aid funds. However, school districts lack standing to bring claims seeking funds based on a lapsed appropriation. Id. ¶ 100, 473 P.3d at 516. The issue before this Court is whether the State Aid funds Appellant School Districts sought are appropriations of State Aid to their specific school districts that have lapsed.
A. The State Aid funds Appellant School Districts sought are appropriations of State Aid to their specific school districts that have lapsed.
¶9 Appellant School Districts sought to recover funds from the State of Oklahoma that were previously appropriated between 2004 and 2014 by the Legislature to the State Board of Education for the payment of State Aid. The Oklahoma Constitution sets parameters for funds appropriated from the general revenue fund. Specifically, the Oklahoma Constitution prevents state officials from making a payment of funds on a state general revenue appropriation older than two and one-half years (thirty months). Id. ¶ 77, 473 P.3d at 507. Article 5, Section 55 states:
No money shall ever be paid out of the treasury of this State, nor any of its funds, nor any of the funds under its management, except in pursuance of an appropriation by law, nor unless such payments be made within two and one-half years after the passage of such appropriation act, and every such law making a new appropriation, or continuing or reviving an appropriation, shall distinctly specify the sum appropriated and the object to which it is to be applied, and it shall not be sufficient for such law to refer to any other law to fix such sum.
Okla. Const. Art. 5, § 55 (emphasis added).
¶10 In Hofmeister, we determined that without any specific legislative language creating a lapse for an appropriation a school district seeks to enforce, State Aid funds are presumed general revenue funds that lapse within thirty months of their date of appropriation:
There can be no doubt that [Article 5, § 55 of the Oklahoma Constitution] and its thirty-month period for an appropriation lapse applies to annual fiscal year State Aid appropriated amounts derived from the State's general revenue fund. 
Hofmeister, 2020 OK 56, ¶ 92, 473 P.3d at 514. On remand, we directed Appellant School Districts to overcome the presumption that the funds are general revenue funds. Appellant School Districts did not meet this burden nor establish the appropriations they sought were authorized by bills that did not contain lapsing language. Id. ¶ 102, 473 P.3d at 517.
¶11 Thus, we are to presume that the funds Appellant School Districts sought are general revenue funds that lapsed within thirty months of their appropriation. The last State Aid appropriation that Appellant School Districts claimed was for the fiscal year 2014, which was encumbered by June 30, 2016. Appellant School Districts filed their action on September 14, 2016, failing to commence their action before the thirty-month deadline lapsed. The State Aid funds Appellant School Districts sought are appropriations of State Aid to their specific school districts that have lapsed.
B. The funds sought by Appellant School Districts were past appropriations of State Aid and not future appropriations or ad valorem revenue. 
¶12 Appellant School Districts, instead, advance several arguments to show that the Hofmeister holding that the funds at issue were past appropriations of State Aid was erroneous. Appellant School Districts first argue that they seek to recover funds from future appropriations, not lapsed appropriations. Appellant School Districts rely on 70 O.S.2021, § 18-118(C), which sets forth the mechanism to recoup improperly allocated State Aid funds. Specifically, section 18-118(C) states:
C. If audits disclose that state monies have been illegally apportioned to, or illegally disbursed or expended by, a school district or any of its officers or employees, the State Board of Education shall make demand that the monies be returned to the State Treasurer by such school district. If the monies are not returned, the State Board of Education shall withhold the unreturned amount from subsequent allocations of state funds otherwise due the district. The State Board of Education shall cause suit to be instituted to recover for the state any monies illegally disbursed or expended, if not otherwise recovered as provided herein.
70 O.S.2021, § 18-118(C) (emphasis added).
¶13 Section 18-118 sets forth that the State Board of Education will recoup improperly allocated State Aid funds from subsequent allocations of state funds. However, there is a distinction between Appellant School Districts' standing in this matter and the State Board of Education's mechanism for recoupment. A statutory duty of the State Board of Education to recoup State Aid outlined in 70 O.S.2021, § 18-118 cannot translate into a corresponding right possessed by school districts to obtain those recouped funds. Appellant School Districts must first establish standing to compel the State Board of Education to fund a non-lapsed appropriation.
¶14 Further, we previously noted in Hofmeister that State Aid funds retain their identity as appropriated state funds even when an incorrect amount is transferred to a school district. Hofmeister, 2020 OK 56, ¶ 50, 473 P.3d at 496. Regardless of what method is used for recouping improperly allocated State Aid funds, Appellant School Districts claimed funds that have retained their character as state funds appropriated in the years 2004 through 2014.
¶15 Appellant School Districts also argue that the Oklahoma State Department of Education effectively took ad valorem revenues from them and gave those revenues to other school districts, which was an unconstitutional taking. However, Appellant School Districts have again provided no evidence that State Aid funding came from a local county budget as opposed to the general revenue fund of the State Treasury. Further, this action stems from miscalculations in the State Aid formula. State Aid is supplemental to local revenues, and the local revenues remain with the numerous school districts and are not considered legislatively appropriated funds. We uphold the Hofmeister conclusion that the funds at issue sought by Appellant School Districts were past appropriations of State Aid, and we conclude today that those appropriations of State Aid to their specific school districts have lapsed.
C. The date to determine whether the appropriations sought have lapsed is the date Appellant School Districts commenced their action in district court.
¶16 Appellant School Districts then contend that if this Court concludes that the funds they sought are from past appropriations, their written demand dated July 15, 2015, giving Appellees notice of the alleged State Aid allocation error should be the date to determine whether Appellant School Districts met the thirty-month deadline. They rely on the tolling exception found in Fortinberry Co. v. Blundell, 1952 OK 80, 242 P.2d 427, to support their argument. The Court applies the Fortinberry tolling exception only when a state official wrongfully refuses to perform an act necessary to secure payment. Id. ¶ 30, 242 P.2d at 434. In Hofmeister, we distinguished the circumstances in Fortinberry from the claimed miscalculations at issue here. We stated:
This language simply cannot be read as equating the act of an incorrect school district apportionment with an act of [a] State officer which "wrongfully refuses to perform an act necessary to secure payment." Such a reading would prevent any general revenue fund appropriation from lapsing after thirty months when one government entity seeks judicial correction of payments the Legislature has specified are to be transferred from one government entity to another government entity.
Hofmeister, 2020 OK 56, ¶ 84, 473 P.3d at 511. The tolling exception in Fortinberry does not apply to this case.
¶17 Similarly, in State ex rel. Board of Education of Independent School District No. 1 of Grady County v. State Board of Education, 1955 OK 229, 287 P.2d 704, we noted the applicability of Article 5, § 55 of the Oklahoma Constitution to State Aid funds and observed the availability of funds to pay the appropriation to the school districts on the date the school districts commenced their action in the district court.
¶18 We follow our precedent, holding that the date to determine whether the appropriations sought have lapsed is the date Appellant School Districts commenced their action in district court. As discussed above, Appellant School Districts failed to commence their action before the thirty-month deadline, and they lack a legally aggrieved interest and standing.
CONCLUSION
¶19 This Court directed Appellant School Districts to present facts and legal authority to demonstrate the State Aid funds they sought are based on appropriations of State Aid that have not lapsed. They failed to meet this burden. Appellant School Districts commenced their action in the district court after the thirty-month deadline as outlined in Article 5, § 55 of the Oklahoma Constitution. Appellant School Districts possess no cause of action to obtain legislatively appropriated funds because those funds lapsed by application of Article 5, § 55. The district court's judgment is affirmed.
DISTRICT COURT'S JUDGMENT AFFIRMED.
CONCUR: KANE, C.J., ROWE, V.C.J., KAUGER, WINCHESTER, EDMONDSON, COMBS, GURICH, AND KUEHN, J.J.
RECUSED: DARBY, J.
FOOTNOTES
[1] The specific school districts that brought the action are Independent School District No. 52 of Oklahoma County (Midwest City-Del City), Independent School District No. 57 of Garfield County (Enid), Independent School District No. 71 of Kay County (Ponca City), and Independent School District No. 89 of Oklahoma County (Oklahoma City).
[2] Appellant School Districts originally alleged they received deficient funds from 1992 to 2014. All parties agreed that the Oklahoma State Department of Education does not have sufficient records to recalculate the correct allocations of State Aid from 1992 to 2003, and Appellant School Districts amended the date range of their claims to 2004 through 2014.
[3] The specific school districts that intervened are Tulsa Public School District I-1 of Tulsa County, Sand Springs Public School District I-2 of Tulsa County, Broken Arrow Public School District I-3 of Tulsa County, Bixby Public School System I-4 of Tulsa County, Jenks Public School District I-5 of Tulsa County, Union Public School District I-9 of Tulsa County, and Owasso Public School District I-11 of Tulsa County.
[4] Appellant School Districts filed a petition for rehearing with this Court, urging the same arguments addressed in this opinion. We denied the petition, noting the Appellant School Districts would have the opportunity to litigate the issues presented in their petition when the district court adjudicated standing.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1991 OK 27, 808 P.2d 672, 62 OBJ 934, 
Gaines v. Maynard
Discussed

 
1952 OK 80, 242 P.2d 427, 206 Okla 261, 
THE FORTINBERRY CO. v. BLUNDELL
Discussed

 
1955 OK 229, 287 P.2d 704, 
STATE v. STATE BOARD OF EDUCATION
Discussed

 
2003 OK 30, 66 P.3d 442, 
GLADSTONE v. BARTLESVILLE INDEPENDENT SCHOOL DISTRICT NO. 30
Discussed

 
2012 OK 43, 280 P.3d 936, 
U.S. BANK, N.A. v. ALEXANDER
Discussed

 
2020 OK 56, 473 P.3d 475, 
INDEPENDENT SCHOOL DISTRICT # 52 v. HOFMEISTER
Discussed at Length

Title 12. Civil Procedure

 
Cite
Name
Level

 
12 O.S. 1451, 
Writ of Mandamus - Issued - Function
Cited

Title 70. Schools

 
Cite
Name
Level

 
70 O.S. 18-118, 
Audits
Discussed at Length

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA